# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| **LESLIE MAYNARD** | : | |
| PLAINTIFF, | : | |
| | : | |
| | : | |
| V. | : | CASE NO.: |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| **MICHAEL MELTON** | : | |
| DEFENDANT | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

......................................................................................................................................

### COMPLAINT FOR PERSONAL INJURIES AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. LESLIE MAYNARD, by her attorneys, namely, Georgia attorney BRIAN GRANVILLE, ESQ. of THE GRANVILLE GROUP, LLC, Attorneys at Law, whose address is 1691 Phoenix Blvd., Suite 390, Atlanta, GA  30349 and Maryland attorney TREMAINE "TREY" ROSS, M.ED., ESQ. of THE GRANVILLE GROUP, LLC, and Georgia attorney TONYA SHY, ESQ. and files this complaint for damages against Defendant MICHAEL MELTON. In support of LESLIE MAYNARD's claims, the Plaintiff states as follows:

## PARTIES

1. Plaintiff, LESLIE MAYNARD, is a resident of the state of Maryland, and suffered injuries from the Defendant while in the state of Georgia.

2. At all times relevant hereto, Defendant MICHAEL MELTON, maintains and/or maintained a residence at 3324 Peachtree Rd, NE; Unit # 2205; Atlanta, GA 30326.

3. At all times relevant hereto, Defendant also owns and/or operates as many as twenty (20)

Taco Bell restaurants and twenty (20) Five Guys Burgers and Fries restaurants in Georgia

through his company, MEM Enterprises located at 2400 Herodian Way; Suite 157;

Smyrna, GA 30080 (also known as TME ENTERPRISES, I., LTD. (L.P.)), and employs

approximately 500 people—many of whom are Georgia residents.

## JURISDICTION AND VENUE

4. Defendant MICHAEL MELTON is a United States citizen and an individual over

   eighteen (18) years of age, who, upon information and belief, presently has a home in

   Atlanta, GA.

5. The Plaintiff and the Defendant have diversity of citizenship since they reside in different

   states.

6. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. For the reasons mentioned above, the subject matter jurisdiction of THE UNITED

   STATES DISTRICT COURT is properly invoked pursuant to the 28 U.S.C. § 1332.

8. For reasons mentioned throughout this complaint, venue is proper in THE UNITED

   STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF GEORGIA

   pursuant to 28 U.S. Code § 1391 because the Defendant resides in Fulton County,

   Georgia, conducts substantial business in Fulton County Georgia, and some of the causes

   of action occurred in Georgia.

9. For reasons mentioned throughout this complaint, THE UNITED STATES DISTRICT

   COURT OF THE NORTHERN DISTRICT OF GEORGIA has supplemental jurisdiction

   of all counts pursuant to 28 U.S. Code § 1367, namely, since all claims are so related to

   claims in the action that they form part of the same case or controversy under Article III

   of the United States Constitution.

10. Defendant may be served with Summons and this Complaint at his address listed above, or at any other place where he may be found.

## Facts Common to All Counts

11. In or about December of 2014, LESLIE MAYNARD attended an event in Washington, D.C. hosted by the 100 Black Men of America, Inc.—one of the most prestigious civic organizations in America.

12. During the event, LESLIE MAYNARD met Defendant MICHAEL MELTON, a key speaker and acting President of 100 Black Men of America, Inc. at the time.

13. Defendant MICHAEL MELTON asked LESLIE MAYNARD to keep in contact with him and obtained her phone number so that he could pursue her romantically.

14. After the event, Defendant MICHAEL MELTON began dating LESLIE MAYNARD under the guise that he was an unmarried man.

15. After many months of dating, Defendant MICHAEL MELTON and LESLIE MAYNARD began living together in Washington, D.C. in a home owned by Defendant MICHAEL MELTON.

16. Throughout their period of cohabitation, Defendant MICHAEL MELTON would sometimes behave in strange and/or suspicious ways. As a result, LESLIE MAYNARD began to lose trust in Defendant MICHAEL MELTON.

17. The decreased trust resulted in decreased intimacy between Defendant MICHAEL MELTON and LESLIE MAYNARD.

18. Frustrated by LESLIE MAYNARD's decreased interest in intimacy with him, Defendant MICHAEL MELTON began a pattern of violence toward LESLIE MAYNARD.

19. On or about October 16, 2016, Defendant MICHAEL MELTON became enraged by their lack of intimacy and pushed LESLIE MAYNARD, jumped on top of her, put his hands around her neck, strangled and choked her, punched her in the arm, and swung his closed fist at her face while he was on top of her.

20. In fear for her life, LESLIE MAYNARD begged Defendant MICHAEL MELTON to stop. At some point, Defendant MICHAEL MELTON released LESLIE MAYNARD only to stand on top of their bed and kick her in the stomach.

21. Again, LESLIE MAYNARD begged Defendant MICHAEL MELTON to stop and he eventually put on his shirt and behaved as if he might be going to get his gun.

22.  However, Defendant MICHAEL MELTON apologized to LESLIE MAYNARD, and oddly, left to get some food and—while leaving—asked LESLIE MAYNARD if she wanted him to bring her back anything to eat.

23. LESLIE MAYNARD told Defendant MICHAEL MELTON no and upon his departure, she called a domestic violence hotline.

24. When Defendant MICHAEL MELTON returned, he tried to have sex with LESLIE MAYNARD and she pled with him to leave her alone which he eventually did.

25. Soon afterwards, LESLIE MAYNARD went to the police station to file a report about the Defendant's recent violent attack against her at their home. However, out of fear for her life and personal safety in the event that the Defendant found out about her actions, LESLIE MAYNARD withdrew her report.

26. Although the victim was traumatized by the recent incident of domestic violence, after leaving the police station, LESLIE MAYNARD found some level of safety in the act of immediately going on her prescheduled business trip to Paris.

27. After the above-mentioned attack, LESLIE MAYNARD stopped taking phone calls from Defendant MICHAEL MELTON. Upon LESLIE MAYNARD's return to the US, Defendant MICHAEL MELTON became angered by the LESLIE MAYNARD's act of ignoring his calls. In response, Defendant MICHAEL MELTON stormed into their house, stood in front of LESLIE MAYNARD with clenched fists, and demanded that she explain why she hadn't answered his calls.

28. After LESLIE MAYNARD explained that she had been traumatized by his actions, Defendant MICHAEL MELTON demanded that LESLIE MAYNARD pack her things and get out of his house.

29. LESLIE MAYNARD complied but Defendant MICHAEL MELTON then began to harass and threaten LESLIE MAYNARD until she sobbed uncontrollably.

30. Apparently satisfied by the severe emotional distress he had just caused, Defendant MICHAEL MELTON apologized, told LESLIE MAYNARD that he was going to get psychological help and/or counseling, and left the residence.

31. Still, LESLIE MAYNARD decided that the safest thing to do was to move out of the Defendant's house, and she did so on November 8, 2016.

32. Between November of 2016 and February of 2017, LESLIE MAYNARD and Defendant MICHAEL MELTON tried to repair their relationship and Defendant MICHAEL MELTON began receiving professional counseling.

33. Because of Defendant MICHAEL MELTON's apparent improvements, in or about February of 2017, LESLIE MAYNARD invited Defendant MICHAEL MELTON to a special golf trip with her family in Augusta, GA.

34. However, on or about February 15, 2017, Defendant MICHAEL MELTON arrived in Augusta and again began a pattern of odd, withdrawn, and/or hostile behavior toward LESLIE MAYNARD and her family.

35. While visiting LESLIE MAYNARD at her hotel room in Augusta, Defendant MICHAEL MELTON attempted to rape LESLIE MAYNARD as he got on top of her and forced her legs open. LESLIE MAYNARD stopped him and attempted to talk to Defendant MICHAEL MELTON about his need to go to counseling and he stated that "[he would] go to counseling but they need[ed] to have sex right now."

36. LESLIE MAYNARD explained that she was not interested in a sexual relationship and Defendant MICHAEL MELTON became furious. Defendant MICHAEL MELTON picked up an electric clothes iron and swung it at LESLIE MAYNARD, striking her in the arms as she attempted to block its impact.

37. LESLIE MAYNARD began backing away and begged the Defendant to stop as she looked for an exit while she tried to calm Defendant MICHAEL MELTON down by asking him "what do you want?" While storming toward LESLIE MAYNARD threatening to hit her with the clothes iron again, Defendant MICHAEL MELTON states: "I want to have sex right now!"

38. Under duress, LESLIE MAYNARD obeyed Defendant MICHAEL MELTON's command that she lay down on the bed. Defendant MICHAEL MELTON got on top of LESLIE MAYNARD and attempted to rape her and intentionally made physical contact with LESLIE MAYNARD's buttocks, genital area, groin, and inner thighs without lawful consent.

39. At some point during this encounter, Defendant MICHAEL MELTON caused LESLIE
    MAYNARD's back to be badly injured, causing numerous skin abrasions requiring
    medical treatment.

40. Afterwards, Defendant MICHAEL MELTON went to sleep. Once Defendant MICHAEL
    MELTON was asleep, LESLIE MAYNARD escaped and reported the incident to the
    police and later sought medical treatment for her injuries.

41. After Defendant MICHAEL MELTON was either escorted off the premises or
    voluntarily vacated the premises, oddly, he began sending LESLIE MAYNARD text
    messages inviting her to exclusive shows and provided her with photographs of a new
    Taco Bell Restaurant which he was opening.

42. LESLIE MAYNARD then obtained a restraining order against Defendant MICHAEL
    MAYNARD in Prince George's County, Maryland, and sought criminal charges against
    Defendant MICHAEL MAYNARD in Richmond County, GA for the attack which
    occurred in Augusta, GA on or about February 15, 2017. EXHIBIT 1

43. A warrant has been issued for the Defendant in Richmond County, GA.

44. After being attacked by Defendant MICHAEL MELTON in Augusta, GA, LESLIE
    MAYNARD was further traumatized and suffered additional severe emotional distress
    upon learning that Defendant MICHAEL MELTON was living a double life since he was
    married to a woman in Virginia.

45. Further, Defendant MICHAEL MELTON intentionally inflicted more severe emotional
    distress upon the victim when he texted LESLIE MAYNARD an embarrassing picture of
    herself naked which he had taken without her consent while she was unaware.

46. Furthermore, Defendant MICHAEL MELTON intentionally inflicted severe emotional distress upon the victim when he texted LESLIE MAYNARD an embarrassing video of her engaging in a private and very intimate sex act with the Defendant and told LESLIE MAYNARD: "[M]y friends and I are going to get a big kick out of watching this video."

47. Since February of 2017, LESLIE MAYNARD has also learned that Defendant MICHAEL MELTON has a history of abusing women as evidenced by (1) a restraining order for domestic violence/battery awarded against him in Prince George's County, Maryland in May of 2009 (EXHIBIT 2), (2) a domestic violence case against him which was filed in Washington, D.C. on April 28, 2007 (EXHIBIT 3), (3) a battery conviction in Collin County, Texas on October 6, 1997 (EXHIBIT 4), and according to arrest records of Fairfax County, Virginia, Defendant MICHAEL MELTON was cited by Officer Alex N. Payne on June 17, 2017 (i.e., Father's Day weekend) for domestic violence/battery.

**Count 1**

Sexual Battery (Duress)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

48. That Georgia law provides that a person commits a sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person;

49. That Georgia defines "intimate parts" as the primary genital area, groin, inner thighs, or buttocks of a female;

50. That Defendant MICHAEL MELTON intentionally placed LESLIE MAYNARD in imminent fear of serious bodily harm or death when he struck her with an electric clothes iron because she denied him sex in Augusta, GA;

51. That the Defendant MICHAEL MELTON further threatened acts of deadly force against LESLIE MAYNARD as he pursued her in a hostile manner through a hotel room clenching an electric clothes iron while asserting that "[he wants] to have sex right now";

52. That, while the victim was noticeably terrified, under duress, and begging the Defendant MICHAEL MELTON to stop, Defendant MICHAEL MELTON told LESLIE MAYNARD to get on the bed and he illegally got on top of LESLIE MAYNARD and attempted to rape her in exchange for his implied agreement not to further attack LESLIE MAYNARD with the electric clothes iron anymore;

53. That Defendant MICHAEL MELTON intentionally made contact with the buttocks, genital area, groin, and inner thighs—that is, intimate parts—of LESLIE MAYNARD when he got on top of her;

54. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered loss of freedom, pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

## Count 2

### Sexual Battery (Physical Force)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

55. That Georgia law provides that a person commits a sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person;

56. That Georgia defines "intimate parts" as the primary genital area, groin, inner thighs, or buttocks of a female;

57. That Defendant MICHAEL MELTON committed a sexual battery when he, without consent, physically got on top of LESLIE MAYNARD while in a hotel room and forced her legs open with his hands and body parts without her consent, thereby making contact with the buttocks, genital area, groin, and inner thighs—that is, intimate parts—of the Plaintiff's body and stated that he was "trying to have sex with [his] woman";

58. That LESLIE MAYNARD asked Defendant MICHAEL MELTON to stop and explained that they should talk about Defendant MICHAEL MELTON's need to go to psychological and/or anger management counseling;

59. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 3

Battery (Abrasions)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

60. That Georgia law provides that a physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law;

61. That Georgia law further provides that a person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another;

62. That Georgia law defines "visible bodily harm" as bodily harm capable of being perceived by a person other than the victim;

63. That Georgia law provides that any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered;

64. That Defendant MICHAEL MELTON committed a battery when inflicted numerous scratches on the back of LESLIE MAYNARD while he was in a hotel room with her in Augusta, GA, which were perceived and photographed by a relative of the victim;

65.  That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 4

Simple Battery (Electric Iron)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

66. That Georgia law provides that a person commits simple battery when he or she intentionally makes physical contact of an insulting or provoking nature with the person of another or intentionally causes physical harm to another;

67. That Georgia law provides that any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered;

68. That Defendant committed a simple battery when he forcefully stuck the Plaintiff with a clothes iron in a hotel room in Augusta, GA in or about February of 2017;

69. That the victim suffered injuries to her arms and body as she tried to block the Defendant's attack;

70. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 5

Simple Battery (The Punch)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

71. That Georgia provides that a person commits simple battery when he or she intentionally makes physical contact of an insulting or provoking nature with the person of another or intentionally causes physical harm to another;

72. That Georgia law provides that any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered;

73. That Defendant committed a simple battery when he forcefully stuck the Plaintiff in the arm with his closed fist on October 16, 2016, because the victim refused to have sex with him;

74. That the victim suffered injuries to her arms as a result of the violent attack;

75. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

## Count 6

Simple Battery (The Strangling)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

76. That the District of Columbia provides that battery is defined an "unpermitted" or "unprivileged" touching;

77. That Defendant committed a battery when he put his hands around Plaintiff's throat and strangled and choked her because she did not want to have sex with him on October 16, 2016;

78.  That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages;

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 7

Simple Battery (The Shove)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

79. That the District of Columbia provides that battery is defined an "unpermitted" or "unprivileged" touching;

80. That Defendant committed a simple battery when he forcibly shoved the victim onto the bed on October 16, 2016 because she refused to have sex with him;

81. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages;

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees

### Count 8

Simple Battery (The Kick)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

82. That the District of Columbia provides that battery is defined an "unpermitted" or "unprivileged" touching;

83. That Defendant committed a simple battery when he stood on a bed and forcibly kicked the victim in the stomach on October 16, 2016 because she refused to have sex with him.

84. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees

## Count 9

### Aggravated Assault (The Electric Iron)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

85. That Georgia law provides that a person commits an aggravated assault when—among other things—he or she assaults with (1) intent to murder or rape, or (2) with a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;

86. That Georgia law provides that any illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered;

87. That the Defendant committed an aggravated assault when he placed the Plaintiff in reasonable fear of imminent danger when he violently swung an electric clothes iron at the Plaintiff in February of 2017.

88. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees

## Count 10

Assault with Fist

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

89. That the District of Columbia provides that an assault is defined as an attempt with force or violence to do injury to a person, plus the ability to do so;

90. That the Defendant committed a simple assault when he violently swung his closed fist at the Plaintiff's head, intending to violently strike her in the face on October 16, 2016;

91. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

## Count 11

Intent-To-Frighten Assault (Threating behavior)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

92. That the District of Columbia provides that an "intent-to-frighten assault" occurs when (1) the defendant commits a threatening act that reasonably would create in another person a fear of immediate injury; (2) when the defendant committed the act, the defendant had the apparent present ability to injure that person; and (3) the defendant committed the act voluntarily, on purpose, and not by accident or mistake;

93. That the Defendant committed an intent-to-frighten assault when he rushed toward Plaintiff in a hostile way, stood in front of her clenching his fists, and demanded that LESLIE MAYNARD explain why she had not been accepting his phone calls in October of 2016;

94. That LESLIE MAYNARD was placed in reasonable apprehension of immediately receiving a violent injury;

95. That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

## Count 12

### False Imprisonment

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

96. That Georgia provides that a person commits false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority;

97. That Georgia law provides that any illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered;

98. That Defendant committed false imprisonment of the Plaintiff when he pursued Plaintiff with an electric clothes iron around a hotel room in Augusta, GA in February of 2017;

99. That the Plaintiff was not able to safely escape the Defendant without permitting him to attempt to rape her at that moment;

100.     That Defendant in fact committed a false imprisonment of the Plaintiff through force, the threat of force, and through duress;

101.     That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered loss of freedom, pain and suffering, bodily injury, mental anguish, emotional distress, humiliation, embarrassment, medical expenses, special damages, and other injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 13

Invasion of Privacy (Unlawful Disclosure of Pornographic PHOTO)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

102.     That the District of Columbia provides that it is unlawful for a person to knowingly disclose one or more sexual images of another identified or identifiable person when: (1) the person depicted did not consent to the disclosure of the sexual image; (2) there was an agreement or understanding between the person depicted and the person

disclosing that the sexual image would not be disclosed; and (3) the person disclosed the

sexual image with the intent to harm the person depicted or to receive financial gain;

103.      That, in or about October of 2016, Defendant MICHAEL MELTON intentionally

disclosed an embarrassing pornographic picture of the Plaintiff's naked body which he

had taken without her consent while she was unaware;

104.      That the Plaintiff did not consent to the Defendant's disclosure of the sexual

image;

105.      That there was an understanding and/or an agreement between the Plaintiff and

Defendant that sexual images would not be disclosed;

106.      That the Defendant disclosed the sexual images for purpose of harming the

Plaintiff which he did by mocking and/or insulting the Plaintiff upon sending the sexual

image of the Plaintiff;

107.      That the Defendant is liable for his unlawful disclosure;

108.      That as a direct and proximate result of the above-mentioned acts, Plaintiff

suffered loss of freedom, pain and suffering, bodily injury, mental anguish, emotional

distress, humiliation, embarrassment, medical expenses, special damages, and other

injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON

for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 14

Invasion of Privacy (Unlawful Disclosure of Pornographic VIDEO)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully

set forth herein:

109.     That the District of Columbia provides that it is unlawful for a person to

knowingly disclose one or more sexual images of another identified or identifiable person

when: (1) the person depicted did not consent to the disclosure of the sexual image; (2)

there was an agreement or understanding between the person depicted and the person

disclosing that the sexual image would not be disclosed; and (3) the person disclosed the

sexual image with the intent to harm the person depicted or to receive financial gain;

110.     That, in or about October of 2016, Defendant MICHAEL MELTON intentionally

disclosed an embarrassing pornographic video of the Plaintiff engaged in a private and

very intimate sex act with the Defendant which the Defendant had taken without the

Plaintiff's consent while the Plaintiff was unaware;

111.     That the Plaintiff did not consent to the Defendant's disclosure of the sexual

video;

112.     That there was an understanding and/or an agreement between the Plaintiff and

Defendant that sexual videos would not be disclosed;

113.     That the Defendant disclosed the sexual videos for purpose of harming the

Plaintiff which he did by telling the Plaintiff "[M]y friends and I are going to get a big

kick out of watching this video";

114.     That the Defendant is liable for his unlawful disclosure;

115.     That as a direct and proximate result of the above-mentioned acts, Plaintiff

suffered loss of freedom, pain and suffering, bodily injury, mental anguish, emotional

distress, humiliation, embarrassment, medical expenses, special damages, and other

injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 15

Fraud (Intentional Misrepresentation)

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully set forth herein:

116.    That Georgia law provides that actionable fraud occurs when a person willfully misrepresents a material fact with the intent to induce another to act, and causes a person to act and suffer injury;

117.    That concealment of a material fact, when done in such a manner as to deceive and mislead, will support a cause of action for fraud;

118.    That, at all times relevant to this case, the Defendant fraudulently represented that he was a single man who had never been married, and that he was thereby not engaging in adulterous relationship with the Plaintiff;

119.    That Plaintiff reasonably believed that Defendant was a single man throughout the duration of their relationship;

120.    That Defendant knew of the falsehood of his assertions and deceptive acts and omissions;

121.    That Plaintiff would not have consented to dating, cohabitating, or bestowing affection on a married man if she had knowledge that he was in fact married;

122.    That as a direct and proximate result of the above-mentioned acts, Plaintiff suffered injury in the form of thousands of dollars in relocation expenses, travel expenses, and work-related costs and expenses, as well as emotional distress, physical

injury, humiliation, embarrassment, special damages, and mental anguish as a result of

engaging in an ill-fated relationship which spanned approximately two years;

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON

for $2,000,000 in damages plus interest, costs, and other permissible fees.

### Count 16

Punitive Damages

Plaintiff incorporates by reference the allegations contained in all paragraphs above as if fully

set forth herein:

123.    That Georgia provides that punitive damages may be awarded in cases involving

willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care

which would raise the presumption of conscious indifference to consequences;

124.    That the above-mentioned acts demonstrate willful misconduct, malice, fraud,

wantonness, and oppression on the part of the Defendant;

125.    That punitive damages against this Defendant is appropriate since he habitually

batters and/or sexually assaults women as evidence by (1) a restraining order for

domestic violence/batter awarded against him in Prince George's County, Maryland on

May 1, 2017, for his battery, sexual battery, and attempted rape of this victim, (2) a

restraining order for domestic violence/battery awarded against him in Prince George's

County, Maryland on June 12, 2009, (3) a domestic violence case against him which was

filed in Washington, D.C. on April 28, 2007, (4) a battery conviction in Collin County,

Texas on October 6, 1997, and (5) the battery of his wife during Father's Day weekend of

2017.

126.     That this Defendant has a history of repeating acts of domestic violence and/or

sexual assault soon after engaging in court ordered domestic violence counseling and/or

anger management counseling;

127.     That this Defendant has a history of repeating acts of domestic violence and/or

sexual assault soon after being summoned to court for the same or similar abusive acts

and/or pleading guilty to the same or similar abusive acts;

128.     That punitive damages are intended to deter the Defendant and others from

engaging in similar conduct and only a substantial punitive damages award would deter

this particular Defendant from his continued engagement in the sexual battery, attempted

rape, assault, and general domestic violence against women;

129.     That the Plaintiff is entitled to punitive damages against the Defendant pursuant to

Georgia law;

130.     That justice requires that the Defendant pay punitive damages as a result of his

abuses of Plaintiff and such would be in the interest of the public good;

131.     That Plaintiff has suffered severe physical, emotional, and psychological trauma

as a result of Defendant's violent acts and deceit;

132.     That as a direct and proximate result of the above-mentioned acts, Plaintiff

suffered loss of freedom, pain and suffering, bodily injury, mental anguish, emotional

distress, humiliation, embarrassment, medical expenses, special damages, and other

injuries and damages.

**WHEREFORE**, the Plaintiff demands a judgment against Defendant MICHAEL MELTON

for $10,000,000 in punitive damages plus interest, costs, and other permissible fees.

## **Prayer**

**WHEREFORE**, Plaintiff prays that:

a)  Summons and Complaint be served upon Defendant according to law;

b)  Plaintiff recovers all compensatory damages—general and special, economic and non-economic—of $2,000,000 or a greater amount to be determined by the enlightened conscience of the jury and based upon the evidence adduced at trial;

c)  Punitive damages be awarded against Defendant in the amount of $10,000,000 or a greater amount to be determined by the enlightened conscience of the jury and based upon the evidence adduced at trial, and in an amount sufficient to punish Defendant from similar future misconduct;

d)  Plaintiff receives a trial by jury;

e)  All costs be taxed against Defendant; and

f)  Such other and further relief as this Court may deem necessary and proper.

Submitted 7th day of JULY, 2017.

p.p. *Tremaine Ross*

By: _____

**Brian Granville, Esq.**
**Tremaine "Trey" Ross, M.Ed., Esq.**
**Tonya Shy, Esq.**
*Attorneys for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

**LESLIE MAYNARD**
PLAINTIFF,

v.

**MICHAEL MELTON**
DEFENDANT

CASE NO.:

**JURY TRIAL DEMANDED**

:
:
:
:
:
:
:
:
:
:
:
:

……………………………………………………………………………………………………

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this complaint was filed on the above-named Defendant at the

above-captioned address. I also certify that a copy of this complaint was served on the

Defendant's attorney as follows:

**Will C. Adams, Esq.**
**Judge Michael Johnson, Esq.**
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400,
Atlanta, GA 30339
*Attorneys for the Defendant*

Submitted 7th day of JULY, 2017.

p.p.

By: _____

**Brian Granville, Esq.**
**Tremaine "Trey" Ross, M.Ed., Esq.**
**Tonya Shy, Esq.**
*Attorneys for the Plaintiff*