UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE MAYNARD,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL MELTON,<br><br>                Defendant. | Civil Action No. 1:17-cv-02612 (JMC) |

**MEMORANDUM OPINION**

Leslie Maynard sued Michael Melton, bringing claims for battery, assault, false imprisonment, invasion of privacy, fraud, and intentional infliction of emotional distress. Melton moved to dismiss those claims. Magistrate Judge Robin M. Meriweather issued a Report and Recommendation advising that Defendant's Motion to Dismiss or, in the alternative, Motion for More Definite Statement be granted in part and denied in part. After considering the Parties' briefs, the Report and Recommendation, and Defendant's Objections to the Report and Recommendation, the Court adopts the Report and Recommendation in full.[1]

**I.   BACKGROUND**

The facts of this case are set forth in detail in the Report and Recommendation. *See* ECF 69 at 2–5. Because neither Party objected to the Report and Recommendation's findings of fact, the Court adopts them in full. *See Thomas v. Arn*, 474 U.S. 140, 150–51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions,

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

under a de novo or any other standard, when neither party objects to those findings."). To evaluate Defendant's objections to the Report and Recommendation, the Court briefly recounts the facts of the case.

On July 7, 2017, Leslie Maynard filed a Complaint against Michael Melton. ECF 1. She later filed a First Amended Complaint, ECF 12, and then a Second Amended Complaint, ECF 42. For purposes of evaluating Defendant's Motion, the Court refers to the facts alleged in the Second Amended Complaint.

Maynard alleges that she started dating Melton around December 2014. *Id.* ¶¶ 11–14. She contends that their relationship became abusive after they moved in together. *Id.* ¶¶ 15–18. Notably, Maynard alleges that on one occasion Melton hit her with a clothes iron and forced her to have sex with him by threatening to hit her again. *Id.* ¶¶ 35–39. Maynard also alleges that Melton sent a video to his friends that showed Maynard engaging in an intimate sexual act. *Id.* ¶¶ 118–30. Maynard alleges that amidst all of this, Melton hid the fact that he was married to another woman in Virginia for years. *Id.* ¶¶ 44, 133. Maynard filed suit against Melton, making the following claims: (1) sexual battery (duress), (2) sexual battery (physical force), (3) battery (abrasions), (4) battery (electric iron), (5) simple battery (the punch), (6) battery (the strangling), (7) battery (the shove), (8) battery (the kick), (9) assault (the electric iron), (10) assault with fist, (11) intent-to-frighten assault, (12) false imprisonment, (13) invasion of privacy (photo), (14) invasion of privacy (video), (15) fraud, and (16) intentional infliction of emotional distress. *Id.* ¶¶ 47–148.

After the case was referred to Magistrate Judge Robin M. Meriweather for full case management, Melton filed a Motion to Dismiss or, in the alternative, a Motion for a More Definite Statement. ECF 46. He argues that thirteen of Maynard's sixteen claims are "impermissible shotgun pleadings" that violate Fed. R. Civ. P. 8. Melton also contends that two invasion of privacy

claims fail to state a legal claim under Rule 12(b)(6), and one fraud claim fails to provide the specificity demanded by Rule 9(b). *Id.* at 1. Maynard responded to this Motion, ECF 47, and Melton replied, ECF 48. Magistrate Judge Meriweather then asked the parties to provide supplemental briefing on a choice-of-law issue. ECF 55. The Parties complied and filed additional briefs. *See* ECF 56; ECF 57.

Magistrate Judge Meriweather issued a Report and Recommendation advising that the Motion be granted in part and denied in part. ECF 69. The Report and Recommendation advises that the Motion to Dismiss be denied as to the Rule 8 arguments because the Complaint "identifies the intentional torts" for each claim and "indicates which specific facts . . . give rise to the pertinent cause of action." *Id.* at 8, 10. However, the Report and Recommendation suggests that the Motion to Dismiss be granted as to Counts 13 and 14—the two invasion of privacy claims—because the Complaint does not allege "that the video and photograph were publicized in the manner necessary to state a claim for invasion of privacy under D.C. law." *Id.* at 11. The Report and Recommendation advises that these claims be dismissed without prejudice because "dismissals with prejudice under Rule 12(b)(6) are disfavored and warranted only when a trial court determines that the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id.* at 19–20 (citing *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 278 (D.D.C. 2015)). Finally, the Report and Recommendation recommends denying the Motion to Dismiss as it pertains to Melton's Rule 9(b) argument. *Id.* at 20–31. The Report found that, although the Second Amended Complaint does not allege enough facts to determine whether the law of the District of Columbia, Georgia, or Maryland governed Maynard's claim, *id.* at 22–24, it still satisfies Rule 9(b)'s heightened pleading standard because it pleads the necessary elements of a

fraud claim under the laws of all three jurisdictions, identifies where the fraud occurred, and gave Melton fair notice of Maynard's claim. *Id.* at 27–31.

Melton objected to the Report and Recommendation. ECF 70. He renewed his Rule 8 argument without further elaboration, *see id.* at 1, and supplemented his Rule 9(b) argument with additional briefing, *see id.* at 2–3.

## II. LEGAL STANDARD

When considering objections to a magistrate judge's Report and Recommendation, district courts apply a de novo standard of review. 28 U.S.C. § 636(b)(1); LCvR 72.3(c). However, a district court may adopt portions of a Report and Recommendation to which no objection was filed. *See Thomas*, 474 U.S. at 150–51. After reviewing the Report and Recommendation and any objections that were filed, "[a] district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); LCvR 72.3(c).

## III. ANALYSIS

The Court considered Defendant's objections to the Report and Recommendation but ultimately agrees with the Report's conclusions on all issues.

### A. Counts 1–12 and 16

Melton objects to the Report and Recommendation's determination that the Second Amended Complaint satisfies the Rule 8 pleading standard. ECF 70 at 1. He relies on the same arguments raised in his Motion to Dismiss: namely, that the Second Amended Complaint is a "shotgun pleading" that does not adequately inform Melton what alleged misconduct underpins each claim. *See* ECF 46 at 8–14.

The pleading standard outlined in the Federal Rules of Civil Procedure governs this issue. Rule 8(a)(2) requires each claim to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further adds that "[e]ach allegation must be simple,

4

concise, and direct." While these rules emphasize brevity in pleadings, they also aim to ensure that defendants are provided "a fair notice of each claim and its basis." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1118 (D.C. Cir. 2000).

Maynard's Second Amended Complaint satisfies this standard. It alleges a series of general facts laying out the narrative behind the Complaint as a whole, then recounts the specific facts pertaining to each claim. The battery claims alleged in Counts 1 through 4, the assault claim alleged in Count 9, and the false imprisonment claim in Count 12 are supported by factual assertions recalling Melton's conduct from February 2017 in Georgia. ECF 42 ¶¶ 47–69, 84–87, 99–104. The battery claims in Counts 5 through 8 and the assault claim in Count 10 are supported by factual assertions recalling Melton's conduct in October 2016 in Washington, D.C. *Id.* ¶¶ 70–83, 88–92. The assault claim in Count 11 is supported by factual assertions recalling Melton's conduct in 2016 in their house. *Id.* ¶¶ 93–98. Finally, the intentional infliction of emotional distress claim in Count 16 is supported by the composite of all these incidents. *Id.* ¶¶ 144–48.

Because each of the first twelve claims alleged in the Second Amended Complaint can be tied to a specific incident, the Court disagrees with Melton's argument that he is "unsure exactly what conduct is at issue in the first 12 counts of the Second Amended Complaint." ECF 46 at 13. True, the Second Amended Complaint appends some irrelevant information to each count by realleging all the general facts in each count. But it also notes within each claim the specific facts that pertain to that count. For example, Count 1 alleges that Melton committed sexual battery by intentionally making physical contact with Maynard's intimate parts without her consent. ECF 42 ¶¶ 47–53. Maynard alleges this incident occurred the same day that he struck her with a clothes iron in Augusta, Georgia. *Id.* ¶ 49. These facts are sufficiently specific to inform Melton of the allegations against him and to permit him to respond.

Melton also argues that Count 16, which alleges an intentional infliction of emotional distress claim, fails to delineate how each individual incident in a series of events caused harm to Maynard. ECF 46 at 13. This argument misses the point of Maynard's claim. Rather than alleging that each incident individually inflicted emotional distress, Maynard bases her claim on the aggregate of misconduct. *See* ECF 42 ¶¶ 144–48. With the details of each individual incident recounted in earlier factual assertions, using an aggregation approach to allege an intentional infliction of emotional distress claim does not offend Rule 8's pleading standard because these claims often rely on a string of misconduct. *Davis v. Megabus Northeast LLC*, 301 F. Supp. 3d 105, 109 (D.D.C. 2018) ("Under D.C. law, extreme or outrageous conduct in the context of discrimination typically requires a pattern of harassment rather than a few isolated incidents.").

The Court adopts the Report and Recommendation with regards to Counts 1 through 12 and 16, and denies Defendant's Motion to Dismiss with regards to those claims.

### B. Count 15

Melton also objects to the Report and Recommendation's proposal to deny his Motion to Dismiss with regards to Count 15. Melton argues that Count 15, in which Maynard alleges that Melton committed fraud by intentionally misrepresenting his relationship status, should be dismissed because it fails to allege enough facts to decide a choice-of-law issue that determines which state's laws will govern the merits of the claim. ECF 70 at 2–3. Melton contends that if the claim is not dismissed, he will be effectively "forced to defend himself against fraud claims from three different states." *Id.* at 2.

Rule 9(b) requires plaintiffs alleging fraud claims to "state with particularly the circumstances constituting fraud or mistake." The Rule is meant to give defendants notice of the claim against them, prevent unsubstantiated attacks on the defendant's reputation, and deter fishing attempts. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004); *Kowal v. MCI*

6

*Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994). To that end, the plaintiff must include more details about the time, place, and contents of the false representations than they would for other non-fraud claims. *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 552 (D.C. Cir. 2002). "Rule 9(b) does not require plaintiffs to allege every fact pertaining to every instance of fraud when a scheme spans several years." *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Rather, the plaintiff need only provide enough details for the defendant "to defend against the charge and not just deny that they have done anything wrong." *Id.*

The Second Amended Complaint satisfies this standard. The Second Amended Complaint alleges that Melton intentionally lied about his marriage status over the course of several years, that he perpetuated this lie to capture Maynard's time and affection, and that Maynard suffered financial and emotional damages as a result of the lie. *See* ECF 42 ¶¶ 132–43. The Second Amended Complaint also alleges that these false representations were made in Washington, D.C. and Georgia. ECF 42 ¶¶ 132, 142.

As the Report and Recommendation recognizes, the Second Amended Complaint does not include enough facts to conclusively determine which state's laws will govern the claim. *See* ECF 69 at 22–24. But that does not mean the Complaint fails to satisfy Rule 9(b). The heightened pleading standard is designed to ensure that plaintiffs do not throw unsubstantiated accusations at defendants to cast aspersions or hunt for nefarious activity in discovery. *Anderson*, 221 F.R.D. at 253; *Kowal*, 16 F.3d at 1279 n.3. The Second Amended Complaint contains enough factual assertions to give Melton adequate notice of the claims against him, and they are plead with enough specificity to show that they are not mere fishing expeditions. That is all that is required at this

stage. The facts that will decide the choice-of-law issue and any statute of limitations defense will be determined as the case unfolds, and those defenses can be raised in dispositive briefing.

The Court agrees with the Report and Recommendation and denies Defendant's Motion to Dismiss with regard to Count 15.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS that the Report and Recommendation be adopted in full. Defendant's Motion for a More Definite Statement, or in the alternative Motion to Dismiss, ECF 46, is granted in part and denied in part. The Motion is GRANTED with respect to Counts 13 and 14, and those claims are dismissed without prejudice. The Motion is DENIED with regard to all other counts.

**SO ORDERED.**

DATE: February 10, 2023

                                                                        Jia M. Cobb
                                                                        U.S. District Court Judge